IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jonathan J. Knowlin, | ) | Case No. 9:24-cv-00456-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Director of the J. Reuben Long | ) | |
| Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.[1]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On February 27, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return.  [Doc. 14.]  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id*. at 7.]  On March 8, 2024, Petitioner filed objections to the Report.  [Doc. 18.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71

---

[1] Although Petitioner filed this action on a Form AO 241 (Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody), the Magistrate Judge construed it as brought under 28 U.S.C. § 2241.  [Doc. 14 at 1 n.1.]

(1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

The Magistrate Judge recommends summary dismissal of the instant Petition because *Younger* abstention is appropriate regarding his claims.  [Doc. 14 at 3–6.]  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (en banc).  As the Magistrate Judge explained, the Fourth Circuit has developed the following test to determine when *Younger* abstention is appropriate: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).  The Magistrate Judge concluded that because Petitioner is currently detained pending disposition of state criminal charges and these proceedings implicate important state interests, Petitioner can pursue his concerns about the legality of his detention in the state

2

proceedings.  [Doc. 14 at 4.]  In his objections, Petitioner generally argues that he has been harmed by actions taken during his preliminary hearing and because "Horry County [h]old[s] [i]nmates to[o] long."  [Doc. 18.]  The Court concludes that these objections fail to meaningfully address the legal grounds cited by the Magistrate Judge and are accordingly overruled.

Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, this action is DISMISSED without prejudice and without requiring Respondent to file an answer or return.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

4

In this case, the legal standard for the issuance of a certificate of appealability has not been met.

      IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 6, 2025
Charleston, South Carolina